UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

03 AUG 29 PM 3: 47

U. . . . . . . .   T
N.D. OF ALABAMA

BRIAN EDWARD ABBOTT,           )
                               )
        Plaintiff,             )
                               )
vs.                            )        Civil Action No. CV-03-S-1230-S
                               )
JEFFERSON COUNTY [ALABAMA]     )
DEPARTMENT OF HUMAN            )
RESOURCES; STATE OF CALIFORNIA )        ENTERED
DEPARTMENT OF CHILD SUPPORT    )
SERVICES; and STATE OF CALIFORNIA )     AUG 2 9 2003
FRANCHISE TAX BOARD,           )
                               )
        Defendants.            )

## MEMORANDUM OPINION

This action is before the court upon plaintiff's motion for preliminary injunction (doc.

no. 2) and the motion to dismiss filed by the following defendants: the Franchise Tax Board,

an agency or division of the State of California; and, the Department of Child Support

Services for the County of Riverside, California (doc. no. 6).

Plaintiff filed his complaint under the Full Faith and Credit for Child Support Orders

Act ("FFCCSOA"), 28 U.S.C. § 1738B, seeking a declaration that he is no longer owes an

arrearage in child support payments to the State of California.[1]  Plaintiff initially sought a

temporary restraining order, which was denied by the court on May 23, 2003.[2]  Plaintiff also

filed a motion for preliminary injunction, seeking to enjoin defendants from attempting to

---

[1]The court will not address the allegations against defendant, Jefferson County, Alabama, Department of Human Resources because all claims against that defendant were dismissed in an order entered on July 15, 2003, at the request of plaintiff. *See* doc. no. 12.

[2]*See* Order (doc. no. 4).

collect a purported child support arrearage.[3]  The court, questioning whether it had

jurisdiction over this matter, ordered the parties to brief the issue of jurisdiction.[4]

In addition to responding to plaintiff's motion for preliminary injunction, the moving

defendants filed a motion to dismiss, ostensibly in response to the court's order to brief the

issue of jurisdiction.[5]  The court entered an order on June 13, 2003, ordering the parties to

further brief the issue of jurisdiction, and directing the parties to focus their briefs on two

questions:

1.      Whether the Federal Full Faith and Credit for Child Support Order Act,
28 U.S.C. § 1738B, provides an express or implied cause of action in
federal court to declare that any amounts owed for child support have
been paid and enjoin the defendants from enforcing future collection
efforts? *See, e.g., Cort v. Ash*, 422 U.S. 66, 95 S. Ct. 2080, 45 L. Ed.
2d 26 (1975); *Touche Ross & Co. v. Redington*, 422 U.S. 560, 99 S. Ct.
2479, 61 L. Ed. 2d 82 (1979).

2.      Whether the *Rooker-Feldman* doctrine[6] bars federal court review of the
state child support enforcement decision? *See, e.g., Rooker v. Fidelity
Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L.Ed. 362 (1923); *District of
Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303,
75 L. Ed. 2d 206 (1983).[7]

The court also noted in its June 13th Order that plaintiff cited only one case in his brief in

---

[3]*See* doc. no. 2.

[4]*See* Order at 2 (doc. no. 4).

[5]*See* motion (doc . no. 6) and memorandum brief (doc. no. 8).  Defendants asserted in their brief that
this court lacks jurisdiction under the Eleventh Amendment, invoking sovereign immunity.  In a brief filed
later with the court, defendant, County of Riverside, conceded that the 11th Amendment did not apply to
counties. *See* doc. no. 14, n.1.

[6]The *Rooker-Feldman* doctrine places limits on a federal court's subject matter jurisdiction over
certain matters related to previous state court litigation. The United States Supreme Court has sole federal
jurisdiction to review state court judgments. *See* 28 U.S.C. 1257.

[7]Doc. no. 10.

support of this court's jurisdiction, *McDougald v. Jenson*, 786 F.2d 1465 (11th Cir. 1986).[8] Because the continued viability of *McDougald* has been called into doubt in light of the Supreme Court's decision in *Thompson v. Thompson*, 484 U.S. 174, 108 S. Ct. 513, 98 L. Ed. 2d 512 (1988), the court provided plaintiff with the opportunity to provide additional authority to support the court's subject matter jurisdiction, in addition to responding to the specific arguments raised by defendants in the Supplemental Brief on Jurisdiction ordered by the court to be filed.

Upon consideration of the supplemental briefs filed by the parties, the court finds that it is without jurisdiction and, accordingly, the case must be dismissed. As previously mentioned, the only case cited by plaintiff in support of this court's jurisdiction in a lawsuit under the FFCCSOA is *McDougald v. Jenson, supra*. In *McDougald*, the Eleventh Circuit held that a related statute, the Parental Kidnapping Prevention Act of 1980 ("PKPA"), 28 U.S.C. § 1738A, created an implied cause of action giving federal courts jurisdiction to resolve conflicting state court child custody orders. 786 F.2d at 1480. The Supreme Court implicitly overruled *McDougald* in *Thompson v. Thompson, supra*, holding that the PKPA did not create an implied private cause of action in federal court to determine which of two conflicting state custody decrees was valid. 484 U.S. at 187, 108 S. Ct. at 520.[9] Another

---

[8]*See id.* at 2, n.2.

[9]The Supreme Court in *Thompson* cited the Eleventh Circuit's *McDougald* decision in the following context:

> At the time Congress passed the PKPA, custody orders held a peculiar status under the full faith and credit doctrine, which requires each State to give effect to the judicial proceedings of other States, see U.S. Const., Art. IV, § 1; 28 U.S.C. § 1738. The anomaly traces to the

district court in Alabama also has found that federal courts lack jurisdiction to entertain private actions filed under the PKPA. *See Cahill v. Kendall*, 202 F. Supp. 2d 1322 (S.D. Ala. 2002).

The parties fail to cite, and the court's independent research fails to reveal, any cases interpreting this issue under the FFCCSOA. By analogy to the cases arising under the PKPA, however, the court concludes that it is without jurisdiction to hear the dispute alleged to arise under the FFCCSOA.

Additionally, and alternatively, the court concludes that the *Rooker-Feldman* doctrine bars this court from interpreting, and necessarily reviewing, a state child support enforcement decision to the extent required to grant plaintiff his requested relief. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). *Cf. Liedel v. Juvenile Court of Madison County, Ala.*, 891 F.2d 1542 (11th Cir. 1990) (finding that plaintiff's action seeking temporary restraining order and permanent injunction against the Alabama Department of Human Resources and state Juvenile Court, preventing them from enforcing the Juvenile Court's prior orders and issuing further orders, was barred by the

---

fact that custody orders characteristically are subject to modification as required by the best interests of the child. As a consequence, some courts doubted whether custody orders were sufficiently "final" to trigger full faith and credit requirements, see, *e.g.*, *Hooks v. Hooks*, 771 F.2d 935, 948 (CA6 1985); *McDougald v. Jenson*, 596 F. Supp. 680, 684-685 (ND Fla. 1984), aff'd, 786 F.2d 1465 (CA11), cert. denied, 479 U.S. 860, 107 S. Ct. 207, 93 L. Ed. 2d 137 (1986), and this court had declined expressly to settle the question. See *Ford v. Ford*, 371 U.S. 187, 192, 83 S. Ct. 273, 276, 9 L. Ed. 2d 240 (1962). . . .

*Thompson v. Thompson*, 484 U.S. 174, 180, 108 S. Ct. 513, 516-17, 98 L. Ed. 2d 512 (1988).

*Rooker-Feldman* doctrine); *Staley v. Ledbetter*, 837 F.2d 1016 (11th Cir. 1988) (concluding that plaintiff's action seeking to collaterally challenge state agency and court proceedings terminating her parental rights was barred by *Rooker-Feldman* doctrine); *Cahill v. Kendall*, 202 F. Supp. 2d 1322 (S.D. Ala. 2002) (holding that *Rooker-Feldman* doctrine barred federal court review of decision relating to child custody).   Plaintiff's protests notwithstanding, plaintiff is seeking to collaterally attack a state court decision through this action.   The very essence of plaintiff's claim is one to enforce an Alabama state court judgment over a California state court judgment.[10]

This court's conclusions regarding its lack of subject matter jurisdiction also reflect what must be the law from a practical standpoint.   Plaintiff's lawsuit would require this court to review the California state court rulings, declare the amount owed in child support, and then prevent their further enforcement.   Congress surely did not intend the federal courts to intrude so deeply into such state concerns.   The FFCCSOA merely grants full faith and credit to child support orders in order to facilitate their enforcement and discourage continuing interstate controversies and jurisdictional competition. *See generally* 108 Stat. 4063, § 2(c) (Findings and Purposes) (1994).

Accordingly, plaintiff's motion for preliminary injunction is DENIED, and defendants' motion to dismiss is GRANTED.   An order consistent with this memorandum

---

[10]*See* Plaintiff's Response to Defendants' Supplemental Brief on Jurisdiction at unnumbered page 4 (doc. no. 18).   Indeed, it appears from the face of the complaint that this matter could easily be resolved if previously dismissed defendant Jefferson County, Alabama, Department of Human Resources merely communicated full payment in satisfaction of the California judgment. *See* Complaint, ¶ 14.

opinion will be entered contemporaneously herewith.

     **DONE** this _29th_ day of August, 2003.

                            United States District Judge